IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW GARRETT BOYLAND, | Cause No. CV 26-34-H-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, | |
| Respondents. | |

This matter comes before the Court on a petition for habeas corpus relief, pursuant to 28 U.S.C. §2241, filed by state pro se prisoner Matthew Garrett Boyland ("Boyland"). *See*, (Doc. 1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

Boyland's petition, and exhibits filed in support, challenge the execution of his state sentence based upon a purported denial of credit for time served. *See generally*, (Docs. 1 & 1-2.) Boyland believes that by denying him the credit he

1

was due, the state acted arbitrarily in violation of his right to due process.

**Background**

Boyland filed a similar challenge in the Montana Supreme Court via a state petition for habeas corpus relief. There he also claimed he was due additional credit for jail time served, from February 19, 2021, until December 27, 2022, the date of his state sentencing in Powell County. *See, Boyland v. Salmonsen*, OP 23-0386, Ord. (Mont. Aug. 29, 2023).[1] The Montana Supreme Court set out the procedural history of Boyland's state matters as follows:

> In late 2014, the Eighth Judicial District Court, Cascade County, sentenced Boyland in three different criminal cases, resulting in a prison term of twenty-four years. While housed at the Montana State Prison (MSP), Boyland attacked another inmate on November 29, 2020, causing serious injury. In early February 2021, the State charged Boyland with felony aggravated assault and felony solicitation to commit tampering with evidence. The Third Judicial District Court, Powell County, held a change of plea hearing in May 2022, and the District Court accepted Boyland's guilty plea to criminal endangerment. On December 27, 2022, the District Court sentenced Boyland to a five-year prison term to run consecutively to his other sentences. The District Court specifically stated that Boyland
>
> > Shall not receive any credit for time served, as it is a consecutive sentence and as he was incarcerated and serving time on an underlying sentence the entire time this case was pending, and he was never held on the restriction of bail in the above-captioned matter.

*Id.* at 1-2.

Boyland argued in his state habeas petition that he was due credit for time

---

[1] A copy of this Order is attached to Boyland's petition in his exhibits. *See*, (Doc. 1-2 at 6-8.)

served on the Powell County sentence. In support of his argument, Boyland included a copy of a letter to the Powell County Attorney, in which prison officials acknowledged receipt of the "arrest warrant." Boyland believed this fact triggered the commencement for credit for time served under Mont. Code Ann. §46-18-201(9). *Id.* at 2.

In response, the State contended that Boyland was mistaken and that he was never served with an actual arrest warrant from the Powell County District Court. Specifically, the State asserted that the letter to MSP did not constitute a warrant or summons and that MSP officials did not arrest Boyland or restrict his liberty as a result of the Powell County charges.[2] Rather, the State issued and served Boyland's counsel with a notice of hearing, advising that an initial appearance and arraignment would occur on February 23, 2021. *Id.* at 2.[3]

The State further argued that Boyland was never arrested, because he was serving his custodial term for his Cascade County offenses when the crime was committed in Powell County, and he remained incarcerated on the Cascade County sentences throughout the pendency of his Powell County criminal proceedings. The State noted that the Powell County District Court correctly concluded the

_____

[2] Copies of this correspondence are contained within the exhibits attached to Boyland's petition. *See*, (Doc. 1-2 at 32-33.)
[3] *See also*, (Doc. 1-2 at 77.)

Boyland had not accrued credit for time served because he was not held on a warrant with a set bail amount. Instead, he was restrained by his three prior Cascade County sentences of conviction when he committed the felony assault at Montana State Prison. The State further argued that under Montana law, an inmate or prisoner who commits a crime while incarcerated will receive a consecutive sentence. *Id.* at 3, *citing* Mont. Code Ann. §46-23-217. Thus, Boyland was not serving a facially invalid sentence.

The Montana Supreme Court found the State's arguments to be dispositive. Boyland's sentence was valid, and he was not entitled to any credit for time served under state law prior to being sentenced in his Powell County District Court case. The petition was denied and dismissed. *Id.*

**Federal Habeas Petition**

As set forth above, Boyland raises similar claims to those advanced in his state petition. Specifically, he believes his right to due process was violated when the state denied him credit for time served prior to sentencing on the Powell County matter. *See e.g.*, (Doc. 1 at 18.) As a result of the Powell County charges, Boyland believes an unlawful restraint was placed upon his liberty and he was arbitrarily denied credit for time served. (*Id.* at 18-19.)

Boyland requests a finding that the denial of time-served credit violated his constitutional rights. (*Id.* at 19.) He asks that he be credited for time served from

4

February 19, 2021, through December 27, 2022, and that his state sentence and release date be adjusted accordingly. (*Id.* at 11, 19.) Boyland advances these claims under 28 U.S.C. §2241. He believes this is the appropriate statute because he is challenging "the manner, location, or execution of his sentence." (*Id.* at 3, 9.) He suggests that §2241 allows this court to independently assess a constitutional violation. (*Id.* at 7.)

28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. But any prisoner who is in custody and challenges a state criminal conviction and sentence is required to seek habeas relief under 28 U.S.C. §2254, and not 28 U.S.C. §2241. This is because §2254 is the exclusive means by which a convicted individual may test the legality of his state conviction and detention. *See, Ivy v. Pontesso*, 328 F. 3d 1057, 1059 (9th Cir. 2003)(as amended).

Additionally, because Boyland is imprisoned pursuant to a state court criminal judgment, relief is available only under §2254, even if he is **not**

challenging his underlying state court conviction. *See, Dominguez v. Kernan*, 906 F. 3d 1127, 1135 (9th Cir. 2018)("Because §2254 limits the general grant of habeas relief under §2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'"). In short, as Boyland challenges his Powell County state court judgment and sentence, such relief is available only under §2254, and not §2241. Because the relief Boyland requests is unavailable under §2241, the petition will be treated as one seeking §2254 habeas relief.

**Timeliness of Petition**

Boyland contends the sentence imposed on December 27, 2022 is unlawful. The habeas petition is time barred because a §2254 federal habeas petition challenging a criminal judgment and sentence is subject to a one-year statute of limitations. *See*, 28 U.S.C. §2244 et seq. Boyland's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final upon the expiration of the 90-day period allowed for filing a petition for writ of certiorari with the Supreme Court. *Bowen v. Roe*, 188 F. 3d 1157, 1158-59 (9th Cir. 1999). When the direct review process terminates prior to reaching the state's highest court, however, the

6

judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-54 (2012).

While Boyland did not file a direct appeal, he did timely file a state petition for habeas corpus relief. But Boyland did not file his federal petition until more than 2 ½ years after the Montana Supreme Court denied him habeas relief. Boyland has presented no information to show his final judgment was tolled, nor is there any basis provided upon which to equitably toll the statute of limitations. The facts surrounding Boyland's claim were known to him at the time of filing his state petition. He could have timely asserted the claims he now raises but failed to do so. Thus, his federal filing is untimely.

**Non-Cognizable Claims**

To the extent that Boyland believes the state courts have misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged errors in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Boyland's claim that there was an error in applying state sentencing laws, specifically a denial of credit for time-served, is not cognizable in a federal habeas

7

action. *See, Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

In limited circumstances, a state court's misapplication of state sentencing law may provide a basis for federal habeas relief if it is so arbitrary or capricious as to constitute an independent constitutional violation. *Id.* Boyland suggests that the purported denial of credit implicates his right to due process. But it appears Boyland misunderstands his sentence. A review of the Montana Supreme Court's decision, and reference to the Powell County judgment, specifically states that there was no intention to award Boyland credit for time served and that the Powell County sentence was to run consecutively to the sentence he was already serving at the time of commission of the prison assault in Powell County.

Boyland has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process. *Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991)(quotation omitted); *Lewis*, 497 U.S. at 780. Although Boyland may be unhappy with the denial of credit for time purportedly served, it does not create an issue of constitutional import.

**Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Boyland has not made a substantial showing of a violation of a federal constitutional right and his state law sentencing claims are not cognizable. Moreover, the petition is untimely, precluding this Court's intervention. Jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Boyland's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to enter a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this ___5___ day of May, 2026.

Donald W. Molloy, District Judge
United States District Court

9